**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3846
_____

MANOLO DE LA CRUZ,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No.: A073-163-130)
Immigration Judge: Hon. Frederic G. Leeds

_____

Submitted under Third Circuit LAR 34.1(a)
on October 5, 2015

Before:  SHWARTZ, KRAUSE and GREENBERG, *Circuit Judges*

(Opinion filed: October 6, 2015)

_____

OPINION[*]

_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Manolo De La Cruz, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") ruling that De La Cruz is ineligible for asylum. Because we conclude that substantial evidence supports the BIA's determination that De La Cruz has not suffered past persecution and cannot establish a well-founded fear of future persecution, we will affirm the judgment of the BIA and dismiss De La Cruz's petition.

I.    **Background**

From 1988 to 1993, De La Cruz received an unidentified number of threats from oppositional guerillas because of his service in the Guatemalan Army and in the Guatemalan police force. During this time, however, neither De La Cruz nor any member of his family was ever harmed.[1] De La Cruz entered the United States without inspection in May 1993, and applied for asylum soon thereafter. In May 2008, the Department of Homeland Security referred De La Cruz's asylum application to an IJ and issued a Notice to Appear, charging that De La Cruz was removable under 8 U.S.C. § 1182(a)(6)(A)(i). The IJ subsequently found De La Cruz removable and ineligible for asylum. De La Cruz conceded removability, but he appealed the IJ's finding of ineligibility for asylum. The BIA dismissed De La Cruz's appeal, agreeing with the IJ

---

[1] In 1996, three years after De La Cruz came to the United States, his brother-in-law was murdered, allegedly by a gang. De La Cruz has conceded he has provided no evidence that the murder was in any way related to the guerillas' threats that lie at the heart of his argument for asylum.

2

that he was not eligible for asylum because he failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground.

De La Cruz timely appealed, arguing that the BIA erred in denying his asylum application because (1) he suffered past persecution on account of his membership in a protected group (i.e., the Guatemalan Army and police force), and (2) he has a well-founded fear of future persecution in Guatemala on account of past membership in a protected group.[2]  We disagree.

## II.    **Jurisdiction and Standard of Review**

We have jurisdiction to review a final order of removal under 8 U.S.C § 1252(a)(1).  Where, as here, the BIA issues a decision on the merits, we review the decision of the BIA, not the IJ.  *Bautista v. Att'y Gen.*, 744 F.3d 54, 57 (3d Cir. 2014). We review the BIA's conclusions of law de novo, subject to the principles of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *Bautista*, 744 F.3d at 58.  However, because "conclusions regarding evidence of past persecution and the well-founded fear of persecution are findings of fact," we "review these conclusions under the deferential substantial evidence standard."  *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).  Under this standard, the "BIA decision can only be reversed if the evidence is such that a reasonable factfinder would be compelled to conclude otherwise."  *Id.*

---

[2] De La Cruz also argues that the BIA and IJ applied improper standards of review.  However, in doing so, he merely repackages his challenge to the BIA and IJ's rulings that he failed to prove persecution or a well-founded fear of persecution sufficient to warrant asylum.  Accordingly, we will treat these arguments as part of his underlying challenge to the BIA and IJ's factual determinations.

## III.    Discussion

The Immigration and Nationality Act ("INA") permits the Attorney General or the Secretary of Homeland Security to grant asylum to a refugee. 8 U.S.C. § 1158(b)(1)(A). To establish refugee status, an applicant must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A); *see* 8 C.F.R. § 208.13(b). Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." *Lukwago v. Ashcroft*, 329 F.3d 157, 168 (3d Cir. 2003) (quoting *Lin v. INS*, 238 F.3d 239, 244 (3d Cir. 2001)). We have limited the type of threats constituting persecution to "only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Chavarria*, 446 F.3d at 518 (quoting *Li v. Att'y Gen.*, 400 F.3d 157, 164 (3d Cir. 2005)) (internal quotation marks omitted). Moreover, "we have refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien." *Id.*

Here, substantial evidence supports the BIA's determination that the unfulfilled threats against De La Cruz were neither highly imminent nor menacing. First, the record indicates that, at most, De La Cruz "received some generalized threats" but never suffered from any physical harm or violence. App. 10. He did not provide any evidence to show that he was threatened directly, nor did he indicate the number or frequency of threats he received or provide any details concerning the content of the threats to indicate that they were in any way "highly imminent," "menacing," or "concrete." *Chavarria*,

4

446 F.3d at 518. Second, even if De La Cruz was the recipient of "sinister and credible" threats, they "failed to result in any physical violence or harm." *Id.* Given our deferential standard of review, we have no basis for disturbing the BIA's reasoned determination that the threats did not rise to the level of persecution.

De La Cruz also argues that if he is denied asylum and removed to Guatemala, he will be subjected to future persecution. Establishing past persecution triggers a rebuttable presumption of future persecution, *see* 8 C.F.R. § 208.13(b)(1), but, in contrast, an individual like De La Cruz who fails to establish past persecution in the first instance "bears the burden of establishing that the fear [of future persecution] is well-founded," *id.* To be well-founded, an applicant's fear of future persecution must be both subjectively genuine and objectively reasonable. *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005).

However subjectively genuine De La Cruz's fears may be, he cannot prove that they are "well-founded" because nothing in the record supports a finding that his fears are objectively reasonable. To satisfy the objective prong, De La Cruz must (1) show that he would be individually singled out for persecution or (2) demonstrate that there is a pattern or practice in his home country of persecuting similarly situated individuals. *Id.* De La Cruz can do neither. Rather, any threats he faced have gone unfulfilled for over twenty years, and his family in Guatemala has not suffered any form of persecution. *See id.* at 537 ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."). Moreover, De La Cruz has not put forward any evidence that similarly

5

situated former soldiers and policeman are regularly persecuted in Guatemala. In sum, De La Cruz is unable to carry his burden to show that his fear of future persecution is well-founded.[3]

## IV. Conclusion

For the foregoing reasons, the BIA's determination that De La Cruz has neither suffered past persecution nor can establish a well-founded fear of future persecution is supported by substantial evidence. Accordingly, we will affirm.

---

[3] In holding that substantial evidence supports the BIA's reasoned determination that De La Cruz did not suffer past persecution and does not have a well-founded fear of future persecution, we need not decide the more difficult question of whether De La Cruz could establish the required nexus between any alleged past or future persecution and one of the protected groups enumerated in § 1101(a)(42)(A). *See* § 1158(b)(1)(A); *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 594 (3d Cir. 2011) (reiterating that, in order to be eligible for asylum, "an alien must establish not only that s/he has been persecuted in the country of origin, but that such persecution was 'on account of' one of the grounds specified in [§ 1101(a)(42)(A)]."). Indeed, it is far from clear whether, even if proven, past persecution associated with De La Cruz's past roles as a member of the Guatemalan military and as a police officer would warrant asylum. *See In re Fuentes*, 19 I. & N. Dec. 658, 661–62 (BIA 1988) (holding that dangers faced by policemen or the government's military forces as a result of that status alone generally do not make them a statutorily protected group, but that "[i]t is possible that mistreatment occurring because of such a status in appropriate circumstances could be found to be persecution on account of political opinion or membership in a particular social group").

6